112 U.S. 201 (1884)
FOSTER
v.
KANSAS, ex rel. JOHNSTON, Attorney-General.
Supreme Court of United States.
Submitted October 14, 1884.
Decided October 27, and November 10, 1884.
IN ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.
*202 Mr. W. Hallett Phillips for the rule and against the motion to dismiss or affirm.
Mr. A.L. Williams (Mr. Garver and Mr. Bond were with him) for the State of Kansas contra.
*203 MR. CHIEF JUSTICE WAITE, on the 27th of October, delivered the opinion of the court on the matter of the rule.
The showing under this rule presents the following facts: The Supreme Court of Kansas rendered a judgment on the 1st of April, 1884, removing Foster, the plaintiff in error, from the office of county attorney of Saline County. A statute of the State makes it the duty of the judge of the District Court of a county to fill the office of county attorney when a vacancy exists. A writ of error from this court for the reversal of the judgment of the Supreme Court was duly allowed in Washington on the 5th of April, and a supersedeas bond approved, and a citation signed. Notice of these facts was telegraphed on the same day, by the counsel of Foster in Washington, to his *204 counsel in Kansas. On the 7th, the counsel in Kansas called on the judge of the District Court of the county, and exhibited to him the telegram and notified him of what had been done in Washington. After this, and a little before twelve o'clock of the night of the 7th, the judge appointed Joseph Moore to the office in place of Foster. The bond of Moore, which had been executed on the 7th, and then approved by the clerk of the county, was accepted by the county commissioners on the 8th of April, and Moore thereupon assumed to discharge the duties of his office. Before this appointment was made, an authenticated copy of the record of the Supreme Court removing Foster from the office was presented to the judge. On the same day, the 8th, the writ of error and supersedeas bond arrived from Washington, and were duly lodged in the office of the clerk of the Supreme Court of the State. At the next term of the District Court, which began on the 12th of May, Moore appeared and acted as county attorney, the judge ruling that he, and not Foster, was properly in office.
On the 26th of May a rule was granted by one of the justices of this court requiring Moore to appear here on the second day of the present term and show cause why he should not be attached for contempt in violating the supersedeas. There is no dispute about the facts, and the simple question is whether they make out a case of contempt on the part of Moore. We have no hesitation in saying they do not. It was decided in Board of Commissioners v. Gorman, 19 Wall. 661, which was followed in Kitchen v. Randolph, 93 U.S. 86, that a writ of error operates as a supersedeas only from the time of the lodging of the writ in the office of the clerk where the record to be re-examined remains; and in Doyle v. Wisconsin, 94 U.S. 50, that the provision of sec. 1007 of the Revised Statutes, to the effect that in cases where a writ of error may be a supersedeas executions shall not issue until the expiration of ten days, does not apply to judgments in the highest court of a State. We see no reason to modify these rulings. It follows, that the supersedeas was not in force when Moore was appointed to and accepted the office.
The judgment operated of itself to remove Foster and leave *205 his office vacant. It needed no execution to carry it into effect. The statute gave the judge of the District Court authority to fill the vacancy thus created. The judge was officially notified of the vacancy on the 7th, when the authenticated copy of the record of the Supreme Court was presented to him. The operation of that judgment was not stayed by the supersedeas until the 8th, that being the date of the lodging of the writ of error in the clerk's office. It follows that the office was in fact vacant when Moore accepted his appointment, gave his bond, and took the requisite oath. He was thus in office before the supersedeas became operative. What effect the supersedeas had, when it was afterwards obtained, on the previous appointment, we need not consider. This is not an appropriate form of proceeding to determine whether Foster or Moore is now legally in office.
The rule is discharged
MR. CHIEF JUSTICE WAITE, on the 10th of November, delivered the opinion of the court on the motions to dismiss and to affirm.
This record shows that the Attorney-General of the State of Kansas commenced proceedings in quo warranto in the Supreme Court of the State against John Foster, county attorney of Saline County, to remove him from office because he had neglected and refused to prosecute persons who were guilty of selling intoxicating liquors in the county in violation of a statute of the State known as the prohibitory liquor law. Among other defences relied on by the defendant was one to the effect that the statute under which the prosecutions were to be instituted was in violation of the Constitution of the United States, and therefore void. It was also claimed that the writ of quo warranto in Kansas was a criminal proceeding, and that under the Constitution of the United States the defendant was entitled to a trial in accordance with the criminal code of procedure. The court ruled against the defendant on all these claims and defences, and charged the jury that the sections of the prohibitory liquor law involved in the proceeding were not repugnant to the Constitution of the United States. *206 The trial resulted in a verdict against the defendant and a judgment thereon removing him from office. This writ of error was brought to reverse that judgment, and the State now moves to dismiss the case for want of jurisdiction, and with that has united a motion to affirm. This can be done under Rule 6, sec. 5, of this court.
As the question of the constitutionality of the statute was directly raised by the defendant, and decided against him by the court, we have jurisdiction, and the motion to dismiss must be overruled; but, as every one of the questions which we are asked to consider has been already settled in this court, the motion to affirm is granted. In Bartemeyer v. Iowa, 18 Wall. 129, it was decided that a State law prohibiting the manufacture and sale of intoxicating liquors, was not repugnant to the Constitution of the United States. This was reaffirmed in Beer Co. v. Massachusetts, 97 U.S. 25, and that question is now no longer open in this court. In Ames v. Kansas, 111 U.S. 449, it was decided, at the last term, that the remedy by information in the nature of quo warranto, in Kansas, was a civil proceeding, and in Kennard v. Louisiana, 92 U.S. 480, that a State statute regulating proceedings for the removal of a person from a State office was not repugnant to the Constitution of the United States if it provided for bringing the party against whom the proceeding was had into court, and notifying him of the case he had to meet, for giving him an opportunity to be heard in his defence, and for the deliberation and judgment of the court.
Affirmed.