### *Ex parte* CAIN.

No. 39.    Opinion filed February 3, 1908.

(93 Pac. 974.)

1.    WORDS AND PHRASES—"Imprisonment." The word "imprisonment," in its ordinary sense, contemplates and means within the common jail, rather than in the penitentiary.

2.    INTOXICATING LIQUORS—Violation of Prohibitory Article of Constitution—Misdemeanor. The offense of manufacturing, selling, bartering, giving away, or otherwise furnishing any intoxicating liquor of any kind, including beer, ale, and wine, contrary to the provisions of the prohibition article of the Constitution, is a misdemeanor.

3.   **SAME—Punishment.** The maximum punishment for said offense is by imprisonment in the county jail not exceed'ng one year, and by fine not exceeding $500.

4.   **SAME—Prohibition Article Self-Executing.** The prohibition provision in the Constitution prohibiting the manufacture, sale, barter, or giving away of any intoxicating liquors, including ale, beer, and wine, contrary to said provisions is valid and self-executing.

(Syllabus by the Court.)

Petition of Jim Cain for writ of *habeas corpus*. Writ denied.

. *F. E. Riddle,* for petitioner.

*W. C. Reeves, Asst. Atty. Gen.,* and *J. D. Carmichael, Asst. Co. Atty.,* for respondent.

WILLIAMS, C. J.   The petitioner in this case was tried in the county court of Grady county, sitting as such and exercising the jurisdiction of a county court of the state of Oklahoma, on the 11th day of January, 1908, and adjudged guilty of the crime of selling intoxicating liquor, and is now confined in the jail of said county in the custody of M. B. Louthan, sheriff of said county, under a commitment duly issued out of said county by virtue of said adjudication.   The information made against said petitioner, and on which he was convicted, is in due form and charges that the said petitioner "at and within said county and state on the 23d day of November, 1907, then and there being, did, then and there willfully and unlawfully sell· to one Emmett Ades intoxicating liquors, to wit, one-half pint of whisky, for a price unknown to the affiant, contrary to the form of the statute," etc. This cause is now properly before this court on writ of *habeas corpus;* the petitioner contending that said county court was without jurisdiction to try said cause or to sentence said petitioner under said conviction, and for the reason of said want of jurisdiction that he is now unlawfully restrained of his liberty by said sheriff.

"Any person, individual or corporation who shall manufacture, sell, barter, give away or otherwise furnish intoxicating

liquor of any kind, including beer, ale, and wine, contrary to the provisions of this section   *   *   *   shall be punished on conviction thereof, by a fine not less than fifty dollars and by imprisonment not less than thirty days for each offense.   *   *   *   Upon the admission of this state into the Union, these provisions shall be immediately enforceable in the courts of the state.   *   *   *" (Prohibition article of the Constitution.)

Counsel for petitioner earnestly contends that the offense charged is a felony, and that, the county court having no jurisdiction of felonies, the judgment rendered in said court adjudging said defendant guilty of said charge is absolutely void.

The retail liquor traffic is a mere privilege, and, in defining the extent to which the privilege goes, the law should be strictly construed against the traffic. *Schmidt v. State*, 14 Mo. 137. That the state in the exercise of its police powers has the right to prohibit the manufacture and sale of intoxicating liquors is no longer an open question. *Bartemeyer v. Iowa*, 85 U. S. 129, 21 L. Ed. 929; *Boston Beer Co. v. Massachusetts*, 97 U. S. 33, 24 L. Ed. 992. *Foster v. Kansas*, 112 U. S. 205, 5 Sup. Ct. 8, 97, 28 L. Ed. 629; *Muller v. Kansas*, 123 U. S. 623, 8 Sup Ct. 273, 31 L. Ed. 205.

But is said provision self-executing? If not, the statutes of Oklahoma Territory relative to the licensing of the liquor traffic are still in force, and will so remain until statutory provisions are enacted to make said prohibition provision effective. *C. & F. R. Co. v. Trout*, 32 Ark. 17; *Lamb v. Lane,* 4 Ohio St. 167; *Doddridge v. Stout,* 9 W. Va. 703; *Chahoon v. Commonwealth,* 20 Grat. (Va.) 733. The doctrine is well settled that, as a rule, negative or prohibitory clauses in a Constitution are self-executing. *Law v. People*, 87 Ill. 385; *Oakland Paving Co. v. Hilton,* 69 Cal. 479, 11 Pac. 3; *De Turk v. Commonwealth,* 129 Pa. 151, 18 Atl. 757, 5 L. R. A. 853, 15 Am. St. Rep. 705; *State v. Woodward*, 89 Ind. 110, 46 Am. Rep. 160. If it supplies the rule for enforcement and fixes the penalty for violation, there can be no doubt as to its character. but a provision may sometimes be both

prohibitive and mandatory, and not self-executing; hence in such cases it always becomes a question of intention, and to determine the intent the rule is courts will consider the language used, the object to be accomplished by the provision, and the surrounding circumstances, and to determine these questions from which the intention is to be gathered courts will utilize extrinsic matters when it becomes necessary. Even though there may be no penalty attached for violations of constitutional provisions, it does not necessarily imply that the provision is not self-executing. The want of a penalty, however, is a circumstance which should be given great weight in determining as to whether or not the same is self-executing. The want of a penalty, however, is a circumstance which should be given great weight in determining as to whether or not the same is self-executing, though it is not conclusive. The proper rule is that prohibitive and restrictive provisions are self-executing when they may be enforced by the courts independent of statutory enactments.

The next thing to determine is whether or not a penalty has been prescribed for such violation. Was it the intention that the words "shall be punished on conviction thereof by fine of not less than fifty dollars and by imprisonment of not less than thirty days for each offiense," should be a limitation upon the action of the Legislature, or prescribe a penalty that was immediately enforceable in the courts? The same provision states: "Upon the admission of this state into the Union this provision shall be immediately enforceable in the courts of the state." The rules of construction should be so applied to written Constitutions as to give effect, if possible, to the intent of the framers and of the people who have adopted it, and to promote the objects for which the same was framed and adopted. But it may be contended, if we adopt 'the literal words of this provision, that, whilst it is stated that the same shall be immediately enforceable, yet we find no minimum punishment provided, and that consequently the same is not a complete criminal statute without such definite pro-

vision, and that therefore, it is not enforceable without additional legislation to give it effect. A statute providing a minimum, without fixing the maximum, punishment, is neither invalid as being in violation of section 9, art. 2, of our Constitution, nor as being too vague and indefinite to be enforced, at least as to the minimum punishment which is valid without additional enactments. *State v. Fackler*, 91 Wis. 419, 64 N. W. 1029; *State v. Williams*, 77 Mo. 310. Hence it is not necessary, in considering as to whether or not said provision is self-executnig, to determine as to whether or not punishment in excess of 30 days' imprisonment and $50 fine under said prohibition provision incorporated in our Constitution, without further legislation, could be imposed; for, having determined that said prohibitory provision prescribed an enforceable minimum punishment, we necessarily conclude that said provision, as it appears in said Constitution, is self-executing.

Section 13 of the enabling act provides as follows:

"That said state, when admitted as aforesaid, shall constitute * * * ; and that the laws in force in the territory of Oklahoma, as far as applicable, shall extend over and apply to said state until changed by the Legislature thereof."

Also section 2 of the schedule of the Constitution reads as follows:

"All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union which are not repugnant to this Constitution and which are not locally inapplicable shall be extended to and remain in force in the state of Oklahoma until they expire by their own limitation or are altered or repealed by law."

Section 1935, Wilson's Rev. & Ann. St. Okla. T. 1903, being section 14, art. 1, c. 25, is as follows:

"Except in cases where a different punishment is prescribed by this Code or by some existing provisions of law, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding one year and by a fine not exceed-

ing five hundred dollars or both such fine and imprisonment.
* * *"

The question now arises as to whether or not said section
1935 is in conflict with the prohibition provision of the Con-
stitution heretofore referred to. In said section 1935 it is stated
that, except in cases where definite punishment is prescribed by
the Code or by some existing provision of law, every offense de-
clared to be a misdemeanor is punishable by imprisonment in the
county jail not exceeding one year or by a fine not exceeding
$500, or by both such fine and imprisonment. Said section is in
conflict or inapplicable to the penalty in said prohibition pro-
vision only in one respect; and that is where it provides that said
misdemeanor may be punished by imprisonment not to exceed one
year in the county jail or by a fine not exceeding $500, but that
otherwise it is applicable; and hence we reach the conclusion that
the maximum punishment for the offense of which the relator
stands convicted is punishable by not exceeding one year's im-
prisonment and also a fine not exceeding $500, provided the
charge is a misdemeanor.

A felony at common law is an offense which occasions a total
forfeiture of either lands or goods or both and to which capital
or other punishment *may* be superadded according to the degree
of guilt. 1 Russell on Crimes, c. 4, p. 77:

"By the early common law in England *felonies* were those
crimes punishable capitally, or by forfeiture of land, or goods, or
both, but the term was not one of settled meaning, and by some
authorities the test was the liability to forfeiture rather than the
liability to capital punishment. * * * In statutes creating
or defining offenses, the language usually expressly indicates
whether the offense is to be deemed a felony or misdemeanor, and
for practical purposes it may be said that those crimes which, by
the common law, were punishable capitally, or which are ex-
pressly made felonies by statute, are now to be considered of that
class, while all other criminal offenses are to be deemed misde-
meanors, and no offense is to be deemed a felony unless it comes
within this description. But, if the offense has been a felony,

the mere reduction of the punishment will not of itself change it to a misdemeanor." (1 McClain on Criminal Law, § 18.)

"An offense shall never be made felony by the construction of any doubtful and ambiguous words of a statute; and therefore, if it be prohibited under 'a pain of forfeiting all that a man has,' or of 'forfeiting body and goods,' it shall amount to no more than a high misdemeanor. * * * The word 'misdemeanor,' in its usual acceptation, is applied to all those crimes and offenses for which the law has not provided a particular name; and they may be punished according to the degree of the offense, by fine or imprisonment, or both. A misdemeanor is, in truth, any crime less than a felony; and the word is generally used in contradistinction to felony, misdemeanors comprehending all indictable offenses which do not amount to felony." (1 Russell on Crimes (9th Ed.) c. 4, p. 78)

The selling of intoxicating liquors at common law was not a felony, not even a crime. So, when it is made a crime, and the statute does not expressly state as to whether it is a felony or misdemeanor, the presumption is that it is a misdemeanor. *State v. Hill*, 91 N. C. 561; *U. S. v. Belvin* (C. C.) 46 Fed, 385. Constitutions being instruments in the nature of re-enactments of approved systems and principles coeval with, and a part of, the common law, itself a subject of judicial interpretation, though there is exception, it necessarily follows that the definitions of the terms used in Constitutions are, to a great extent, to be found in the common law. *People v. Lynch,* 51 Cal. 15, 21 Am. Rep. 677; *State v. Noble,* 118 Ind. 350, 21 N. E. 244, 4 L. R. A. 101, 10 Am. St. Rep. 143; *Durham v. State,* 117 Ind. 477, 19 N. E. 327; *People v. Hurlbut,* 24 Mich. 44, 9 Am. Rep. 103; *People v. Draper,* 15 N. Y. 532; Cooley on Constitutional Limitations (6th Ed.) 75; 10 Century Digest, tit. "Constitutional Law," § 13; *Fox v. McDonald,* 101 Ala. 51, 13 South. 416, 21 L. R. A. 429, 46 Am. St. Rep. 98; *English v. State,* 31 Fla. 340, 12 South. 689; *Flavell's Case,* 8 Watts & S. (Pa.) 197; *English v. State,* 31 Fla. 340, 12 South. 689; *State v. Barker,* 107 N. C. 913, 12 S. E. 115, 10 L. R. A. 50; 8 Cyc. p. 740-1.

Section 1931 of Wilson's Revised & Annotated Statutes of Oklahoma Territory of 1903 is as follows:

"The rule of the common law that penal statutes are to be strictly construed, has no application to this Code. All of its provisions are to be construed according to the fair import of their terms with a view to effect its object and to promote justice."

This section has no application to the interpretation or construction of the Constitution, for the Legislature has the power to repeal or amend this section. And, whilst it is a fact that the Legislature has the power to repeal or amend certain sections in the Constitution, yet they are specifically designated therein, and if the relator's contention that said section 1931 applies to the interpretation of the Constitution, the Legislature would have it within its power to hereafter change the Constitution by providing as to the intepretation or construction of the same. Such a proposition is without merit.

Hence we come to the proposition as to the meaning of "imprisonment" in the section under consideration; that is, whether it means imprisonment within a jail, or state prison or penitentiary. The word "imprisonment" means imprisonment in the county jail or local prison unless expressed to be in the penitentiary. *Cheaney v. State,* 36 Ark. 75; *State v. McNeill,* 75 N. C. 15; Hockheimer on Crimes and Criminal Procedure, §§ 112, 345. There is a distinction in law between the goal, or jail, and penitentiary. Black's Law Dictionary; Anderson's Law Dictionary; Bouvier's Law Dictionary. Under the statute imposing as to certain offenses a punishment by imprisonment not more than one year, which is silent as to the place of imprisonment, a sentence inflicting punishment by imprisonment in the penitentiary for one year, is error and must be reversed, *Horner v. State,* 1 Or. 268. A person convicted of conspiracy to defraud under a section of the Colorado Code which did not prescribe the place of imprisonment was illegally sentenced and sent to penitentiary in place of the county jail, holding that, where two statutes are susceptible of the same construction, that is to be preferred which is most

favorable to defendant. *Brooks v. People,* 14 Colo. 413, 24 Pac. 553.

Section 18 of article 7 of the Constitution limits the jurisdiction of justices of the peace to misdemeanors in which the punishment may not exceed a fine of $200 or imprisonment in the county jail not exceeding 30 days, or both such fine and imprisonment. Section 12 article 7 also provides that the county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases in which the justices of the peace have no jurisdiction. The relator having been convicted of a misdemeanor for which the maximum punishment is more than 30 days in jail or a fine of $200 or both the county court has exclusive jurisdiction in his case.

For these reasons, we overrule relator's demurrer to the sheriff's return herein, and remand the relator to the custody of the sheriff of Grady county, with directions that he be recommitted to the jail of said county, pursuant to the judgment of said county court.

Writ of *habeas corpus* denied.

All the Justices concur.