## GROVER KESTER v. STATE.

No. A-715.    Opinion Filed July 3, 1911.

Appeal from District Court, Greer County; G. A. Brown, Judge.

Grover Kester was convicted of selling liquor to a minor, and appeals. Reversed.

C. C. Wells and C. G. Hornor, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

RICHARDSON, Special Judge.  This appeal is from a conviction upon an information filed in the district court of Greer county, charging the sale of liquor to a minor.  Upon the authority of Nowakowski v. State, ante, 116 Pac. 351, just decided, the trial court was without jurisdiction of the cause; and the information is not transferable to the county court.  Fred Wychoff v. State, ante, 116 Pac. 355, just decided.

The judgment of the lower court is therefore reversed, and the cause remanded, with directions to dismiss the same.

FURMAN, P. J., and DOYLE, J., concur; ARMSTRONG, J., disqualified and not sitting.

---

## PORTER MEEK v. STATE.

No. A-915.    Opinion Filed July 3, 1911.

Appeal from District Court, Pottawatomie County; Roy Hoffman, Judge.

Porter Meek was convicted of selling liquor to a minor, and appeals. Reversed and remanded.

Cutlip & Maben, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

RICHARDSON, Special Judge.  Trial of this cause was had in the district court of Pattawatomie county upon an indictment charging plaintiff in error with the crime of selling intoxicating liquor to a minor, and resulted in a verdict of guilty and a sentence imposing upon plaintiff in error a term of imprisonment in the penitentiary.  This appeal challenges the constitutionality of the act (Sess. Laws 1909, p. 164) under which this prosecution was instituted and carried on.  The same question has just been passed upon by this court in the case of John Nowakowski v. State, ante, 116 Pac. 351, in which it was held that the act in question remits the fine which the Constitution has imposed for the illegal sale of liquor, and that it places the minimum term of imprisonment for the offense higher than the Constitution has placed it, and that the act is therefore unconstitutional and void.  That case is decisive of this.

The judgment of the lower court will therefore be reversed, and the cause remanded, with directions to transfer the same to the county court or superior court for trial.

FURMAN, P. J., and DOYLE, J., concur; ARMSTRONG, J., disqualified and not sitting