## JOHN NOWAKOWSKI v. STATE.

No. A-835.    Opinion Filed July 3, 1911.

(116 Pac. 351.)

1. CONSTITUTIONAL LAW—Construction—Limitation of Legislative Power—Offenses and Punishment. The prohibitory provision of the Oklahoma Constitution forbidding the manufacture and sale of intoxicating liquor, and declaring a violation of the pro-

vision punishable by a fine of not less than $50 and imprisonment for not less than 30 days, but which fails to fix the maximum punishment therefor, is not a limitation upon the power of the Legislature to fix such maximum punishment and to declare such offense a felony.

2.     CONSTITUTIONAL LAW—Intoxicating Liquors—Sales to Minors —Punishment—Self-Executing Provisions. The prohibitory provision of the Oklahoma Constitution is self-executing, and declares that the unlawful sale of intoxicating liquor shall be punished by a fine of not less than $50 and imprisonment for not less than 30 days. An act of the Legislature approved March 9, 1909 (Session Laws 1909, p. 164), provides that the punishment for selling intoxicating liquor to a minor shall be imprisonment in the penitentiary for a term of not less than one nor more than five years. Held, that the constitutional provision is all-embracing in its terms and includes a sale to a minor; that the Legislature cannot remit the constitutional requirement that the offense shall be punished by a fine of not less than $50; that, while the Legislature may fix the maximum punishment for the offense, it cannot change the minimum punishment which the Constitution has fixed; and that the act is therefore unconstitutional and void.

(Syllabus by the Court.)

*Appeal from District Court, Pottawatomie County; Roy Hoffman, Judge.*

John Nowakowski was convicted of selling intoxicating liquors to a minor, and appeals. Affirmed.

*A. J. Carlton* and *A. M. Baldwin,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

RICHARDSON, SPECIAL JUDGE. The indictment in this case charged that on February 22, 1910, plaintiff in error unlawfully sold a quantity of whisky to one Walter Voils, who was then and there a male person under the age of 21 years. The indictment was returned into the district court of Pottawatomie county. It was there retained, and in that court plaintiff in error was tried and convicted thereon. The constitutionality of the act creating the offense charged, and the jurisdiction of the court to hear and determine the cause, were questioned by plaintiff in error and were determined by the court adversely to his contention; and whether the court's ruling was right or erron-

eous is the sole question in this case. The indictment was based upon an act of the Legislature approved March 9, 1909 (Session Laws, 1909, p. 164; Snyder's Compiled Laws 1909, §§ 43210, 4211), which reads as follows:

"Sec. 1. It shall be unlawful for any person to barter, sell or give to any minor, person of unsound mind, or habitual drunkard any vinous, malt, spirituous or other intoxicating liquor. Provided, parents or guardians may give such liquors to their minor children or wards.

"Sec. 2. Any person violating section one of this act shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state penitentiary for a period of not less than one year nor more than five years."

It is contended that the act is void, for the reason that it conflicts with the prohibitory provision of the state Constitution, which is as follows:

"The manufacture, sale, barter, giving away, or otherwise furnishing, except as hereinafter provided, of intoxicating liquors within this state or any part thereof, is prohibited for a period of twenty-one years from the date of the admission of this state into the Union, and thereafter until the people of the state shall otherwise provide by amendment of this Constitution and proper state legislation. Any person, individual or corporate, who shall manufacture, sell, barter, give away, or otherwise furnish any intoxicating liquor of any kind, including beer, ale and wine, contrary to the provisions of this section, * * * shall be punished, on conviction thereof, by fine not less than fifty dollars and by imprisonment not less than thirty days for each offense. * * * Upon the admission of this state into the Union these provisions shall be immediately enforceable in the courts of this state." (Const. art. 1, § 7.)

Plaintiff in error's first contention is that the constitutional inhibition against the barter, sale, and giving away of intoxicating liquor is all-embracing in its terms, and is as applicable to a sale to a minor, person of unsound mind, or habitual drunkard as it is to a sale to any other person; that the Supreme Court of this state, in *Ex parte Cain*, 20 Okla. 125, 93 Pac. 974; *Id.*, 1 Okla. Cr. 7, 93 Pac. 974, held this provision self-executing and the offense therein created to be a misdemeanor; that therefore

legislative action upon the subject is foreclosed, and the Legislature cannot make the barter, sale, or giving of intoxicating liquor to any person under any circumstances a felony.

We agree that this constitutional provision is all-embracing in its terms, and is as applicable to a sale to a minor, person of unsound mind, or habitual drunkard as it is to a sale to any other person. We also agree that the provision is self-executing, and that immediately upon the admission of the state into the Union it became, and ever since has been, an enforceable law. We further agree that, under our statutory definitions of felony and misdemeanor, our statutory provisions for their punishment, and certain rules of statutory construction, every offense created by this constitutional provision was a misdemeanor. We also agree that the Legislature can enact no law taking from this section of the Constitution a single term or provision contained therein. But we do not assent to the conclusion that legislative action upon the subject is thereby foreclosed, and that it is not within the power of the Legislature to make the barter, sale, or giving away of intoxicating liquor a felony.

The definitions of "felony" and "misdemeanor" in this state are statutory and not constitutional. The Constitution by this provision has created a crime, but it has not in itself indicated whether that crime should be known as a felony or a misdemeanor; neither has it fixed the maximum punishment to be inflicted for its violation, nor stated whether the imprisonment which it fixed as a part of the minimum punishment shall be in a county jail or in the state penitentiary. On the contrary, it has left it to our statutes, and therefore to the Legislature, to determine all these questions. The Supreme Court, in *Ex parte Cain, supra,* as we understand that case, reasoned the matter in this way: (1) It is a rule for the construction of penal acts that where imprisonment is prescribed as a punishment for crime, and there is no express provision of law stating where such imprisonment shall be, it will be in a county jail rather than in the state penitentiary; that being "preferred which is most favorable to the defendant." (2) This constitutional pro-

vision does not fix the maximum term of imprisonment for its violation or state where the imprisonment shall be. Applying the above rule, therefore, it will be in a jail rather than in the penitentiary. (3) Our statutes define a felony as a crime which is, or may be, punishable with death or by imprisonment in the penitentiary; and declare that every other crime is a misdemeanor. (4) Since the rule for the construction of penal acts directs that the imprisonment prescribed for a violation of the constitutional provision shall be in a county jail and not in the penitentiary, it follows that such rule, together with our statutory definitions of felony and misdemeanor, determines this offense to be a misdemeanor. The Supreme Court did not hold that the Constitution itself made the offense which it created a misdemeanor, but expressly based its ruling upon our mutable statutory provisions. And inasmuch as the Constitution does not declare the grade of the offense, and the statutes must be looked to in determining its grade, and as the Legislature has power to amend the determining provisions, how can it be said that it cannot make the offense a felony?

But we do not think it necessary that the Legislature adopt any such indirect means to accomplish that purpose. The Constitution itself says that the offender "shall be punished, on conviction thereof, by a fine *not less* than fifty dollars and by imprisonment *not less* than thirty days for each offense." This follows word for word the prohibitory provision which section 3 of the Oklahoma Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 269) required to be inserted in the Constitution as to Indian Territory and the Osage Indian Reservation; and the Enabling Act also required that the Constitution should declare that upon the admission of the state into the Union the provision should be immediately enforceable in the courts of the state, thus requiring that the provision be made self-executing. The only difference between the requirement of the Enabling Act, and the provision as ultimately adopted by the people, is that the people chose to make and did make the provision applicable to the whole state; whereas, the Enabling Act required that it be made effec-

tive only in that portion of the state formerly Indian Territory and the Osage Indian Reservation. And we think it cannot be plausibly contended that Congress in formulating the Enabling Act, and the constitutional convention in framing and the people of the proposed state in adopting the Constitution, had in mind, in connection with the prohibitory provision, the statutes of Oklahoma Territory defining felonies and misdemeanors and providing the punishment therefor, and that Congress enacted the act and the convention framed and the people adopted the Constitution with reference to such statutory provisions, and thereby made them an integral part of our organic law. On the contrary, we think that, while Congress and the people intended to fix the minimum punishment for the offense and to make the provision self-executing, a present enforceable law' for the violation of which there could be imposed in any event the minimum punishment therein prescribed, and a severer one if the statutory provisions put in force sufficiently supplemented the Constitution as to authorize it, nevertheless they purposely omitted to declare the maximum punishment in order that the Legislature might be free to fix it as future conditions might render proper, even varying such punishment, if it saw fit, according to the age, sex, or condition of the person to whom the liquor should be dispensed, the nature of the liquor sold, the manner of the sale, or the status of the seller. If it had been intended that a fine of only $50 and imprisonment for only 30 days could be imposed for this offense, then the Constitution would have stated simply that the punishment should be a fine of $50 and imprisonment for 30 days, instead of saying, as it does, that the punishment should be a fine of *not less* than $50 and imprisonment for *not less* than 30 days. And, had it not been intended that the Legislature should fix the maximum punishment, then the Constitution would itself have fixed it. The fact that the Constitution did not do so is sufficient reason why the Legislature may do so. The fact that we look to our statutes for the maximum punishment is proof that such punishment is not immutably fixed.

It is not every self-executing provision of a Constitution which exhausts legislative power upon the subject with which it deals. There are many such where legislation in aid of or in addition to the provision is both permissible and desirable. Certainly the Legislature can enact nothing in derogation of the constitutional provision; but unless such provision, in addition to being self-executing, is also a limitation upon the power of the Legislature, it may enact laws in aid of and in addition to the provision and extending its terms. We think this in accord with the holding of the Supreme Court in *Ex parte Cain, supra,* where it is said:

"The rules of construction should be so applied to written Constitutions as to give effect, if possible, to the intent of the framers and of the people who adopted it and to promote the objects for which the same was framed and adopted. But it may be contended, if we adopt the literal words of this provision, that, whilst it is stated that the same shall be immediately enforceable, yet we find no maximum punishment provided, and that consequently the same is not a complete criminal statute without such definite provision, and that therefore it is not enforceable without additional legislation to give it effect. A statute providing a minimum, without fixing the maximum, punishment, is neither invalid as being in violation of section 9, article 2, of our Constitution, nor as being too vague and indefinite to be enforced, at least as to the minimum punishment which is valid without additional enactments. *State v. Fackler,* 91 Wis. 419, 64 N. W. 1029; *State v. Williams,* 77 Mo. 310. Hence it is not necessary, in considering as to whether or not said provision is self-executing, to determine as to whether or not punishment in excess of 30 days' imprisonment and $50 fine under said prohibition provision incorporated in our Constitution, without further legislation, could be imposed; for, having determined that said prohibitory provision prescribed an enforceable minimum punishment, we necessarily conclude that said provision, as it appears in said Constitution, is self-executing."

And again, in *State ex rel. Caldwell v. Hooker, County Judge,* 22 Okla. 712, 98 Pac. 964, the Supreme Court, in passing upon the constitutionality of the so-called "Billups Bill," said:

"Was it the intention of the framers of the Constitution of our state, in proposing and separately submitting the prohibi-

6 Cr.—5

tion clause, that it should operate as a limitation upon the power of the Legislature, with respect to dealing with the liquor question? In construing same, the primary inquiry is to ascertain the intention of the framers, and of the people who adopted the clause under consideration, to determine which technical rules should be disregarded, and a mean between a strict and liberal construction adopted. Cooley's Const. Lim. (7th Ed.) p. 93; 8 Cyc. 730; 5 Current Law, 622; 6 Am. & Eng. Law (2d Ed.) 921. This provision has been held by this court to be self-executing, capable of being put into operation without additional legislation. *Ex parte Cain*, 20 Okla. 125, 93 Pac. 974. Respondent contends, 'Thus far will we go in the matter of prohibiting the legal traffic in intoxicating liquors, and no further,' insisting that, when the Constitution defines the circumstances under which a right may be exercised or a penalty imposed, the specification is an implied prohibition against legislative interference to add to the condition or extend the penalty to other cases. *Holley v. State*, 14 Tex. App. 508. In cases where a provision is self-executing, legislation may still be desirable, by way of providing a more specific and convenient remedy and facilitating the carrying into effect or execution of the rights secured, making every step definite, and safeguarding the same so as to prevent abuses. Such legislation, however, must be in harmony with the spirit of the Constitution, and its object to further the exercise of constitutional right and make it more available, and such laws must not curtail the rights reserved, or exceed the limitations specified. *Stevens v. Benson* [50 Ore. 269], 91 Pac. 578; *Reeves v. Anderson*, 13 Wash. 17, 42 Pac. 625; *Beecher v. Baldy*, 7 Mich. 488; *Willis v. Mabon*, 48 Minn. 140, 30 N. W. 1110, 16 L. R. A. 281, 31 Am. St. Rep. 626; *People v. Draper*, 15 N. Y. 532; Cooley's Const. Lim. (7th Ed.) 122; Ordronaux's Const. Legislation, 262-265.

"In creating the legislative department, and in conferring upon it the legislative power, the people must be understood to have conferred the full and complete power as it rests in, and may be exercised by, the sovereign power of any country, subject only to such restrictions as they may have seen fit to impose, and to the limitations which are contained in the Constitution of the United States. The legislative department of a state is not made a special agency for the exercise of specifically defined legislative powers, but is intrusted with the general authority to make laws at discretion. Cooley's Const. Lim. (7th Ed.) 126. By section 3 of the Enabling Act (Act June 16, 1906,

c 3335, 34 Stat. 269·), it was specifically ·provided by Congress that the constitutional convention, in forming a Constitution for the proposed state of Oklahoma, should provide therein that 'the manufacture, sale, barter, giving away, or otherwise furnishing, except as hereinafter provided, of intoxicating liquors within those parts of said state now (then) known as the Indian Territory and the Osage Indian Reservation and·within any other parts of said state which existed as Indian reservations on the first day of January, nineteen hundred and six, is prohibited for a period of twenty-one years from the date of the admission of said state into the Union. * * *' Such provision is incorporated *ipsis verbis* in section 7, art. 1 (Bunn's Ed. par. 9), of the Constitution. The convention submitted practically the same provision, separately, to the voters of the state for ratification or rejection at the same time the Constitution was voted on, which was adopted, extending such provision to the entire state. It is presumed that the same was submitted with the same view that it was required by Congress to be incorporated in our Constitution, and that was certainly not with a purpose to limit, by implication, the power of the Legislature to deal with the liquor question. Rigorous prohibition laws having been in force in the Indian Territory since the Five Civilized Indian Tribes had migrated there, it was considered obligatory by Congress that prohibitory laws should be required to be continued in such portions of the state as were, at the time of the admission of the state into the Union, Indian reservations, or under the. exclusive control of the federal government. When Congress made it mandatory upon the Constitution framers that such a provision should be incorporated in the Constitution, it was certainly not with a view of limiting the power of the Legislature to act, except in so far that it could not pass legislation in conflict therewith."

If our Constitution was silent upon the liquor question, or merely forbade its sale without prescribing any punishment therefor, certainly the Legislature, its authority extending "to all rightful subjects of legislation," would have power to make the sale of liquor a felony; and, that being true, why would a constitutional provision, which forbids the sale of liquor and fixes the minimum but not the maximum punishment therefor, prevent the Legislature from declaring the offense a felony? An enactment of that character may be so drawn as not to take from the Constitution one item or term contained therein, as not to

authorize one thing which the Constitution forbids, or remit any of the punishment which the Constitution imposes; and, should it be so framed, then we fail to perceive wherein it would violate the Constitution. That instrument avowedly fixes only the minimum punishment for the offense, leaving the power to fix the maximum punishment limited only by the provision that such punishment must not be cruel or unusual.

*State v. Weiss,* 84 Kan. 165, 113 Pac. 388, presents practically the same question as the one now under consideration. Article 15, § 10, Constitution of Kansas, provides that the manufacture and sale of intoxicating liquors shall be forever prohibited in that state, *except for medical, scientific, and mechanical purposes.* Sections 4361 and 4362, Kan. Gen. Stat. 1909, made it an offense to sell intoxicating liquors in that state for any purpose. And in that case it was contended that the Constitution was a limitation upon the power of the Legislature to interfere with the manufacture and sale of intoxicating liquor for the three excepted purposes, and that the act was therefore unconstitutional. But the Supreme Court of Kansas held the act constitutional, saying in effect that the exceptions contained in the constitutional provision only defined the limit to which the Constitution itself went in prohibiting the manufacture and sale of intoxicating liquors; that in the absence of such provision the Legislature would have had the power to enact everything contained in the constitutional provision and the act combined; and that the fact that the Constitution went no further than it did was no limitation upon the power of the Legislature to legislate in the same direction as fully as it could otherwise have done. And in *State v. Durein,* 70 Kan. 13, 80 Pac. 987, 15 L. R. A. (N. S.) 908, that court, in considering the same question, said:

"The amendment to the Constitution of this state already quoted does not limit or abridge the power of the Legislature further to prohibit the traffic in intoxicating liquors. It restrains the Legislature in its power to tolerate only, and not in its power to suppress."

. . Certainly, if our Constitution had fixed the maximum, as it

has fixed the minimum, punishment for this offense, the Legislature would have no more power to change such maximum punishment than it now has to change the minimum punishment so fixed; but, the Constitution not having declared the maximum punishment, it is within the power of the Legislature to declare the same; and assuredly the solicitude which the state ought to feel for the welfare of its future citizenship is ample warrant for making felonious the furnishing of intoxicating liquors to a minor.

But with all this, wholesome and beneficent as we deem the purpose and intent of this legislation, and reluctant as we are to disturb it, we are nevertheless compelled to hold the act unconstitutional in another respect. The constitutional provision *is* all-embracing in its terms, and it includes a sale to a minor as fully as it does a sale to any other person. If it did not, then prior to the passage of the act under consideration a prosecution would not lie for a sale of liquor if the sale were made to a minor. And the Constitution says that:

"Any person * * * who shall sell, barter, give away or otherwise furnish any intoxicating liquor of any kind * * * shall be punished, on conviction thereof, *by a fine not less than fifty dollars* and by imprisonment not less than thirty days for each offense."

The Legislature may add to the stringency of this provision; but it cannot remit or repeal the requirement that a violation of the provision shall be punished by a fine, and that the fine shall be not less than $50, and make the offense punishable by imprisonment alone. If it could, then by the same reasoning it could remit the imprisonment and make the offense punishable by a fine alone; and, if it could remit either, then it could remit both and say to the man who thrives by the debauchery of children that he may do so with absolute impunity. The act in question remits the fine; and it fixes the minimum punishment at one year in the penitentiary: The Constitution has fixed the minimum punishment for this offense, and the Legislature, while it may fix the maximum punishment, is nevertheless powerless to

change that which the Constitution has fixed. If it can do so with respect to a sale to a minor, person of unsound mind, or habitual drunkard, then by a division of the purchasers or sellers into classes according to their age, sex, condition, or occupation, so arranging the classification as to include all the people, and fixing the punishment specially for a sale to or by persons in each class without regard to the constitutional provision, such provision could be entirely abrogated. It goes without saying that this may not be done.

It thus follows that the enactment in question is unconstitutional and void; and the act charged in this indictment is still only a misdemeanor, of which the district court had no jurisdiction.

The judgment of the lower court is therefore reversed, and the cause remanded, with directions to certify the indictment and record in this cause to a court having jurisdiction thereof, as required by law.

FURMAN, P. J., and DOYLE, J., concur; ARMSTRONG, J., disqualified and not sitting.