## FRED WYCHOFF v. STATE.

No. A-769.   Opinion Filed July 3, 1911.

(116 Pac. 355.)

INDICTMENT AND INFORMATION—Transfer From District Court.
The district court has no power to receive, file, or take cognizance of an information charging a misdemeanor; and an information charging a misdemeanor filed in the district court cannot be transferred to the county court, but must be dismissed.

(Syllabus by the Court.)

*Appeal from District Court, Okfuskee County; John Caruthers, Judge.*

Fred Wychoff was convicted of selling liquor to a minor, and brings error. Reversed and remanded.

*C. T. Huddleston* and *W. T. Banks,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

RICHARDSON, SPECIAL JUDGE. This was a prosecution for selling liquor to a minor, instituted by information filed in the

district court of Okfuskee county. The cause was tried in that court, and plaintiff in error was found guilty as charged and sentenced to imprisonment in the penitentiary for a term of one year. He filed a motion for a new trial and in arrest of judgment, both of which were overruled; and he appeals.

In the case of *John Nowakowski v. State, post,* 116 Pac. 351, just decided, it was held that the act under which this prosecution was instituted and carried on is unconstitutional and void; that the offense denounced by the act is still only a misdemeanor; and that the district court therefore has no jurisdiction of the offense.

This proceeding was instituted by information and not by indictment. The district court has no power to receive, file, or take cognizance of an information charging a misdemeanor, and no power to transfer such information to the county court; the provision for transfers being limited to indictments for misdemeanors returned by the grand jury into the district court. Article 2, c. 10, Snyder's Comp. Laws 1909. It follows therefore that this prosecution has never been legally instituted, and must be dismissed. This will not prevent the county attorney from filing an information against plaintiff in error for this offense in the county court.

The judgment of the lower court will therefore be reversed, and the cause remanded, with directions to dismiss the same.

FURMAN, P. J., and DOYLE, J., concur; ARMSTRONG, J., disqualified and not sitting.