## *Ex parte* GARLAND BROWN.

No. A-1280. Opinion Filed July 31, 1911.

(116 Pac. 1113.)

1.  PUNISHMENT—Intoxicating Liquors—Constitutional and Statutory Provisions. Act March 9, 1909 (Sess. Laws 1909, c. 12, art. 4) sec. 2, providing that the punishment for selling intoxicating liquors to a minor shall be imprisonment in the penitentiary for not less than one nor more than five years, is unconstitutional.

2.  COURTS—Jurisdiction—Misdemeanor. The offense of selling intoxicating liquors to a minor being a misdemeanor, the district court has no jurisdiction of a prosecution therefor.

3.  COURTS — Jurisdiction — Transfer of Causes. An information charging a misdemeanor, filed in the district court, cannot be transferred to the county court, but must be dismissed.

(Syllabus by the Court.)

Application by Garland Brown for writ of *habeas corpus*. Writ granted, and prisoner ordered discharged.

*Thompson & Mason,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. The petitioner, Garland Brown, was tried and convicted upon an information filed in the district court of the Twenty-third judicial district, sitting in and for Ottawa county, charging the ·crime of selling intoxicating liquor to a minor, and sentenced to be imprisoned in the state reformatory at Granite for a term of one year. Judgment and sentence was pronounced and entered on April 20, 1911, and was executed by delivering the petitioner to the warden of the state reformatory at Granite, where he has been and is now confined.

Petitioner avers that said imprisonment is illegal and unauthorized, because the act of the Legislature, approved March 9, 1909 (Session Laws 1909, p. 164), under which said proceedings were had, is unconstitutional and void, and petitioner prays for a writ of *habeas corpus* that he may be discharged without delay from said unlawful imprisonment. The Attorney General appearing for the respondent, Clyde A. Reed, warden of the state reformatory at Granite, confesses on the part of the state that a writ of *habeas corpus* be allowed as prayed for.

In the case of *Nowakowski v. State, infra,* 116 Pac. 351, it was held by this court that the statute in question is unconstitutional and void, and the offense charged in the information is only a misdemeanor, of which a district court has no jurisdiction.

In the case of *Wychoff v. State, infra,* 116 Pac. 355, it ·was held that the district court has no power to receive, file, or take cognizance of an information charging a misdemeanor; and an information charging a misdemeanor, filed in the district court, cannot be transferred to the county court, but must be dismissed. See, also, *Evans v. State, infra,* 116 Pac. 356; *Kester v. State, infra,* 116 Pac. 356; *Meek v. State, infra,* 116 Pac. 356.

Under the foregoing decisions of this court, the district court of Ottawa county did not upon the information filed in said case

acquire jurisdiction to try, convict, and sentence the petitioner for a felony under the statute in question. It therefore follows that petitioner is unlawfully imprisoned under said judgment of conviction and commitment at the state reformatory at Granite.

Wherefore a writ of *habeas corpus* is allowed, and it is ordered that the petitioner, Garland Brown, be discharged from said judgment and commitment, and that respondent, the warden of the state reformatory, upon receipt of a certified copy of this opinion from the clerk of this court, immediately discharge said petitioner.