## *Ex parte* BUD WRIGHT.

No. A-1287.    Opinion Filed August 1, 1911.

(116 Pac. 1113.)

1.    PUNISHMENT—Intoxicating Liquors—Constitutional and Statutory Provisions.    Act March 9, 1909 (Sess. Laws 1909, c. 12, art. 4), providing that the punishment for selling intoxicating liquors to a minor shall be imprisonment in the penitentiary for not less than one nor more than five years, is unconstitutional.

2.    COURTS—Jurisdiction—Misdemeanor. The offense of selling intoxicating liquors to a minor is a misdemeanor, of which the district court has no jurisdiction.

3.    SAME—Transfer of Causes.    An information charging a misdemeanor filed in the district court cannot be transferred to the county court, but must be dismissed.

(Syllabus by the Court.)

Application by Bud Wright for writ of *habeas corpus*. Granted, and prisoner ordered discharged.

*E. L. Spriggs,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM.    The petitioner, Bud Wright, was tried and convicted in two cases upon an information filed in the district

court of the Fifth judicial district sitting in and for McCurtain county, of the crime of selling intoxicating liquors to a minor, and sentenced to be imprisoned in the state penitentiary at Mc-Alester for a period of five years in each of said cases. Judgment and sentence was pronounced and was executed by delivering the petitioner to the warden of the state penitentiary at Mc-Alester, where he has been and is now confined. Petitioner avers that said imprisonment is illegal and unauthorized because the act of the Legislature approved March 9, 1909 (Sess. Laws 1909, p. 164) under which said proceedings were had is unconstitutional and void, and petitioner prays for a writ of *habeas corpus* that he may be discharged without delay from said unlawful imprisonment. The Attorney General appearing for the respondent, R. W. Dick, warden of the state penitentiary at Mc-Alester, confesses on the part of the state that a writ of *habeas corpus* be granted as prayed for.

In the case of *Nowakowski v. State, infra,* 116 Pac. 351, it was held by this court that the statute in question is unconstitutional and void and the offense charged in the information is only a misdemeanor of which a district court has no jurisdiction.

In the case of *Wychoff v. State, infra,* 116 Pac. 355, it was held that the district court has no power to receive, file, or take cognizance of an information charging a misdemeanor; and an information charging a misdemeanor filed in the district court cannot be transferred to the county court, but must be dismissed. See, also, *Evans v. State, infra,* 116 Pac. 356; *Kester v. State, infra,* 116 Pac. 356; *Meek v. State, infra,* 116 Pac. 356.

Under the foregoing decisions of this court the district court of McCurtain county did not upon the information filed in said cases acquire jurisdiction to try, convict, and sentence the petitioner for a felony under the statute in question.

It therefore follows that petitioner is unlawfully imprisoned under said judgment of conviction and commitment at the state penitentiary at McAlester.

Wherefore a writ of *habeas corpus* is allowed, and it is ordered that the petitioner, Bud Wright, be discharged from

said judgment and commitment, and that respondent, the warden of the state penitentiary, upon receipt of a certified copy of this opinion from the clerk of this court, immediately discharge said petitioner.