C. E. SIBEL v. STATE.

No. A-750.   Opinion Filed November 22, 1911.

Appeal from Ellis County Court; E. A. Williams, Judge.

C. E. Sibel was convicted of a misdemeanor, and appeals.   Reversed and remanded.

W. A. Briggs, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was indicted by the grand jury of Ellis county on a charge of conducting a ''banking and percentage game, played with pool balls, and cue, and played for money.''   The indictment was transferred to the county court and the accused was thereafter tried and convicted, and from such judgment of conviction the appeal is brought here for review.   The proof shows that certain persons living in the town of Arnett, in Ellis county, played a game commonly known as ''Kelly Pool'' in the pool hall of the accused on or about the 20th day of November, 1908, in the language of the prosecuting witness ''for twenty-five cents on the side.''   But it nowhere shows that the accused knew this, or had anything to do with the game.   The evidence is entirely insufficient to sustain this conviction.   The judgment is reversed and the cause remanded.

---

TODD WANZA v. STATE.

No. A-1259.   Opinion Filed November 22, 1911.

Appeal from District Court, Okfuskee County; John Carauthers, Judge.

C. T. Huddleston, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Todd Wanza, plaintiff in error, was tried and convicted in the district court of Okfuskee county upon an indictment duly returned by the grand jury where he was charged with the crime of selling intoxicating liquor to a minor.   February 15, 1911, he was sentenced to serve a term of three years imprisonment at hard labor in the penitentiary.   To reverse this judgment an appeal was perfected. The Attorney General confesses error for the reason that in the case of John Nowakowski v. State, infra, 116 Pac. 351, it was by this court held that the act under which this prosecution was instituted and carried on is unconstitutional and void.   The confession of error is sustained. The judgment of the district court of Okfuskee county is reversed and the cause remanded with direction to transfer the same to the county court of said county for trial.