THIS WILL ACKNOWLEDGE RECEIPT OF YOUR REQUEST FOR AN INFORMAL OPINION OF THE ATTORNEY GENERAL, WHEREIN YOU SUBMIT THE FOLLOWING QUESTIONS:
 1. WHETHER STATE QUESTION 612, WHICH AMENDS ARTICLE II, SECTION 8 OF THE OKLAHOMA CONSTITUTION AND PERMITS DENIAL OF BOND IN CERTAIN INSTANCES, IS SELF EXECUTING DESPITE THE REMAINING STATUTORY RESTRICTION CONTAINED IN 22 O.S. 1101 AND 22 O.S. 1102 AND,
 2. WHETHER THE NEW CONSTITUTIONAL CHANGES HAVE BEEN APPLIED IN ANY STATE COURTS.
 ARTICLE II, SECTION 8 OF THE OKLAHOMA CONSTITUTION, AS AMENDED, PROVIDES:
 "A. ALL PERSONS SHALL BE BAILABLE BY SUFFICIENT SURETIES, EXCEPT THAT BAIL MAY BE DENIED FOR:
 1. CAPITAL OFFENSES WHEN THE PROOF OF GUILT IS EVIDENT, OR THE PRESUMPTION THEREOF IS GREAT;
2. VIOLENT OFFENSES;
 3. OFFENSES WHERE THE MAXIMUM SENTENCE MAY BE LIFE IMPRISONMENT OR LIFE IMPRISONMENT WITHOUT PAROLE;
 4. FELONY OFFENSES WHERE THE PERSON CHARGED WITH THE OFFENSE HAS BEEN CONVICTED OF TWO OR MORE FELONY OFFENSES ARISING OUT OF DIFFERENT TRANSACTIONS; AND
 5. CONTROLLED DANGEROUS SUBSTANCES OFFENSES WHERE THE MAXIMUM SENTENCE MAY BE AT LEAST TEN (10) YEARS IMPRISONMENT.
ON ALL OFFENSES SPECIFIED IN PARAGRAPHS 2 THROUGH 5 OF THIS SECTION THE PROOF OF GUILT MUST BE EVIDENT, OR THE PRESUMPTION MUST BE GREAT, AND IT MUST BE ON THE GROUNDS THAT NO CONDITION OF RELEASE WOULD ASSURE THE SAFETY OF THE COMMUNITY OR ANY PERSON.
B. THE PROVISIONS OF THIS RESOLUTION SHALL BECOME EFFECTIVE ON JULY 1ST, 1989."
TITLE 22 O.S. 1101 PROVIDES:
 "BAIL, BY SUFFICIENT SURETIES, SHALL BE ADMITTED UPON ALL ARRESTS IN CRIMINAL CASES WHERE THE OFFENSE IS NOT PUNISHABLE BY DEATH AND IN SUCH CASES MAY BE TAKEN BY ANY OF THE PERSONS OR COURTS AUTHORIZED BY LAW TO ARREST OR IMPRISON OFFENDERS, OR BY THE CLERK OF THE DISTRICT COURT OR HIS DEPUTY, OR BY THE JUDGE OF SUCH COURTS."
THE PRESUMPTION IS THAT CONSTITUTIONAL PROVISIONS ARE SELF EXECUTING. APPEAL OF CRESCENT PRECISION PRODUCTS INC., 516 P.2D 275 (1973). AS STATED IN CRESCENT, THE CONSTITUTIONAL PROVISION IS SELF EXECUTING WHEN IT CAN BE GIVEN EFFECT WITHOUT THE AID OF LEGISLATION AND THERE IS NOTHING TO INDICATE THAT LEGISLATION IS CONTEMPLATED TO RENDER IT OPERATIVE AND WHEN THERE IS A MANIFEST INTENTION THAT IT SHOULD GO INTO IMMEDIATE EFFECT.
AS THE SUPREME COURT OF OKLAHOMA STATED IN EX PARTE CAIN,93 P. 974 (1908), "THE DOCTRINE IS WELL SETTLED THAT AS A RULE, NEGATIVE OR PROHIBITORY CAUSES IN A CONSTITUTION ARE SELFEXECUTING. THE WANT OF A PENALTY HOWEVER IS A CIRCUMSTANCE WHICH SHALL BE GIVEN GREAT WEIGHT IN DETERMINING AS TO WHETHER OR NOT THE SAME IS SELF-EXECUTING, THOUGH IT IS NOT CONCLUSIVE. THE PROPER RULE IS THAT PROHIBITIVE AND RESTRICTIVE PROVISIONS ARE SELFEXECUTING WHEN THEY CAN BE ENFORCED BY THE COURTS INDEPENDENT OF STATUTORY ENACTMENTS." LASTLY, SELF-EXECUTING CONSTITUTIONAL PROVISIONS MAY BE SUPPLEMENTED BY APPROPRIATE LAWS DESIGNED TO MAKE THEM MORE EFFECTIVE, BUT SUCH LAWS MUST STAY WITHIN THE BOUNDS RESERVED BY THE CONSTITUTION, NOT EXCEEDING ITS LIMITATIONS. STATE V. HEIDUK, 232 P.2D 664 (1951).
LASTLY, IN IN RE INITIATIVE PETITION NO. 281. STATE QUESTION NO. 441, 434 P.2D 941 (1967), THE SUPREME COURT OF OKLAHOMA STATED THAT "WHETHER A PROVISION OF A CONSTITUTION BE SELF-EXECUTING OR NOT BE SELF-EXECUTING, SUPPLEMENTAL LEGISLATION FACILITATING THE CARRYING INTO EFFECT THE RIGHTS TO SECURE AND SAFEGUARDING THE RIGHTS AGAINST ABUSES MAY BE DESIRABLE; BUT SUCH LEGISLATION MUST BE IN HARMONY WITH THE SPIRIT OF THE CONSTITUTION AND MUST NOT CURTAIL THE RIGHTS RESERVED OR EXCEED THE LIMITATIONS SPECIFIED. THE COURT ALSO STATED THAT THE REAL PURPOSE OF AN INITIATIVE PETITION IS TO SECURE A VOTE OF THE PEOPLE UPON A PROPOSED LAW OR CONSTITUTIONAL AMENDMENT. THE REPEAL OF ANY CONFLICTING PROVISIONS OF LAW IN EFFECT AT THE TIME THE PROPOSED LAW IS TO BECOME EFFECTIVE IS MERELY INCIDENTAL TO THE PURPOSE OF SUCH A PETITION."
IT IS WITH THESE PRINCIPLES IN MIND THAT WE MUST ADDRESS YOUR QUESTION. THE PRINCIPLE ISSUE PRESENTED IS WHETHER THE PROVISIONS OF STATE QUESTION NO. 612 ARE SELF-IMPLEMENTING. THE PROVISIONS OF STATE QUESTION NO. 612 WERE ADOPTED AT ELECTION HELD ON NOVEMBER 8, 1988. HOWEVER, AS SUBSECTION B STATES, THE AMENDMENT DID NOT BECOME EFFECTIVE UNTIL JULY 1, 1989. THEREFORE, THERE WAS NO MANIFEST INTENTION THAT THE PROVISIONS SHOULD GO INTO IMMEDIATE EFFECT.
SECONDLY, THE PROVISIONS OF STATE QUESTION NO. 612 ARE NOT IN HARMONY WITH THE PROVISIONS OF 22 O.S. 1101. THEREFORE, THERE MUST HAVE BEEN AN INTENTION TO REPEAL THE PROVISIONS OF 1101. LASTLY, SUBSECTION A OF STATE QUESTION NO. 612 CONTAINS THE PHRASE "EXCEPT THAT BAIL MAY BE DENIED. BY USING THE WORD MAY" INSTEAD OF THE WORD SHALL," ONE DRAWS THE INFERENCE THAT ENABLING LEGISLATION WAS CONTEMPLATED.
THEREFORE, IT IS THE INFORMAL OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL, THAT THE PROVISIONS OF STATE QUESTION 612, AMENDING ARTICLE II, SECTION 8 OF THE OKLAHOMA CONSTITUTION, ARE NOT SELF-IMPLEMENTING.
IN THE SECOND PART OF YOUR LETTER, YOU REQUEST INFORMATION IF WE HAVE ANY, AS TO WHETHER THE NEW CONSTITUTIONAL CHANGE HAS BEEN APPLIED IN ANY STATE COURTS. IN ATTEMPTING TO ADDRESS THIS QUESTION, WE CONTACTED SHEILA SEWELL IN THE TRIAL COURT ADMINISTRATOR'S OFFICE. SHE DID NOT HAVE ANY INFORMATION AS TO WHETHER THIS NEW CONSTITUTIONAL CHANGE HAS BEEN APPLIED IN ANY STATE COURTS. SHE DID CONTACT OKLAHOMA COUNTY AND TULSA COUNTY COURT OFFICIALS AND DETERMINED THAT THE PROVISIONS HAD NOT BEEN APPLIED IN THOSE TWO COUNTIES.
(THOMAS C. RIESEN)