THE STATE vs. FACKLER.

*October 28 — November 8, 1895.*

*Criminal law and practice: Larceny of floating logs: Failure to fix maximum punishment: Constitutional law: Felonious intent: Verdict.*

1. Sec. 4449, R. S., making the wilful conversion of floating or stranded logs larceny, and providing a minimum punishment for the first offense, is not invalid because it fails to fix a maximum punish-

The State vs. Fackler.

ment, either as being in violation of sec. 6, art. I, Const. (prohibiting excessive fines and cruel and unusual punishments), or as being too vague and indefinite to be enforced.

2. It is very doubtful whether, for such larceny, any punishment greater than the minimum named in said sec. 4449 can be imposed. Neither the maximum penalties for larceny under sec. 4415 nor the provisions of sec. 4635 are applicable.

3. A felonious intent need not be charged or found in order to warrant a sentence for such larceny under sec. 4449, the offense defined being neither a common-law nor a statutory felony.

REPORTED from the circuit court for Marathon county: CHAS. V. BARDEEN, Circuit Judge.

This was a prosecution for larceny of floating logs, under R. S. sec. 4449. The information charged that the defendant did "unlawfully, wilfully, and feloniously take, carry away, and convert to his own use" certain logs. By the verdict the defendant was found guilty of having "wilfully taken and converted to his own use" ten of the logs mentioned in the information. Before sentence, and at the request of the defendant, the circuit judge reported the case to this court for decision upon the following questions: (1) Can the defendant be lawfully convicted and sentenced under sec. 4449 as amended, when the verdict of the jury does not find that such taking and conversion was done with a felonious intent? (2) This prosecution being for the first offense, and said sec. 4449 only making provision for the minimum penalty in case of conviction, and no limit being fixed as to the amount of fine the court may impose or the duration of imprisonment, can the defendant be lawfully convicted and sentenced thereunder? (3) Said sec. 4449 prescribing that upon conviction the defendant shall be punished by both fine and imprisonment, without limit, is it not void as being unreasonable, excessive, and indefinite?

For the plaintiff there was a brief by the *Attorney General* and *John L. Erdall*, Assistant Attorney General, and oral argument by the *Attorney General*.

*Otto Krueger,* for the defendant, as to the first question, cited 4 Am. & Eng. Ency. of Law, 672, 673, and cases cited; 1 Bish. New Cr. Law, §§ 204–208, 287, 430; *Cohn v. Neeves,* 40 Wis. 393.

WINSLOW, J. Sec. 4449, R. S., makes the wilful conversion of floating or stranded logs larceny, and provides a minimum punishment for the first offense. Is it void because it does not fix a maximum penalty or limit to the punishment? We think not. Conceding that the act on its face purports to authorize an unlimited fine and a life imprisonment, and that such punishment would be in violation of sec. 6 of art. I of the constitution, prohibiting excessive fines and cruel and unusual punishments, still it must be held that the balance of the statute, which creates the offense and fixes the minimum punishment, is perfectly valid, and that sentence may be pronounced under it. The void parts and the valid parts are independent. They do not depend on each other, nor is one the condition, consideration, or compensation for the other, so as to justify the belief that the legislature intended that if all could not be carried into effect none should be. *State v. Williams,* 77 Mo. 310; *Warren v. Charlestown,* 2 Gray, 84. The contention that the statute is too vague and indefinite to be enforced is met by similar considerations. The minimum punishment is prescribed, and it is fixed and certain, and may unquestionably be inflicted, whatever the conclusion as to the power to inflict any greater punishment. So we hold the law entirely valid as a basis for the infliction of the minimum punishment, and hence such a punishment can, upon a valid conviction, be imposed under it.

These conclusions completely answer the second and third questions submitted by the circuit judge, and in strictness it is not necessary to go further and decide whether any greater sentence than the minimum named in the statute may be imposed. However, we feel justified in expressing very

The State vs. Fackler.          ·

serious doubt upon that question.   It seems probable, from
the history of the legislation of which sec. 4449 is the result,
that it was expected that the maximum penalties for larceny
under sec. 4415, R. S., would constitute the maximum penal-
ties for offenses of this nature, and that for this purpose
the two sections were to be read and construed together.
The difficulties of any such construction will be apparent to
any one making the attempt.   Nor can it be held that the
provisions of sec. 4635, R. S., apply to the offense ·in ques-
tion, because a punishment is prescribed by sec. 4449.   In
view of the manifest uncertainty and doubt surrounding the
question, we feel justified in assuming that the trial courts,
when called on to administer this statute, will not attempt
to inflict any greater sentence than the one named in it.

The question whether the defendant can be lawfully sen-
tenced under a verdict which does not find a felonious in-
tent must be answered in the affirmative.   The verdict found
that the conversion was wilful, and this is the only intent
which the statute requires.   This is not a prosecution for a
common-law felony, for no such act as that prohibited by
this statute was larceny at common law.   Nor is it a prose-
cution for a statutory felony, because the statute neither
expressly nor by implication denominates it a felony.   The
word "feloniously" is therefore not necessary in the in-
formation, and consequently it is not necessary in the ver-
·dict.

The first and second questions submitted are answered in
the affirmative, and the third question in the negative.

*By the Court.*— It is so ordered.