LEE MOW LIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 5, 1917.)

No. 4671.

INTERNAL REVENUE ☞39, 40—VIOLATIONS OF LAW—MANUFACTURE OF SMOKING OPIUM.

Defendants were convicted under an indictment which charged that they did engage in the business of manufacturers of opium for smoking purposes without having given the bond required by law of manufacturers of opium for smoking purposes. Act Jan. 17, 1914, c. 10, 38 Stat. 277 (Comp. St. 1916, §§ 6287a–6287f), declares that an internal revenue tax of $300 per pound shall be levied and collected on all opium manufactured in the United States for smoking purposes, and no person shall engage in such manufacture who is not a citizen of the United States and has not given the bond required by the Commissioner of Internal Revenue, and that the bond required of such manufacturer shall be with sureties satisfactory to the collector of internal revenue in a penal sum of not less than $100,000. It appeared on trial that defendants were not citizens, but were Chinese persons. Held that, as it did not appear that defendants failed to give the bond required and they were not charged with manufacturing opium for smoking purposes while aliens, they could not be convicted under the indictment.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Lee Mow Lin and others were convicted of violating Act Jan. 17, 1914, by engaging in the business of manufacturing opium for smok-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing purposes without having given the bond required by law of manufacturers of opium for smoking purposes, and they bring error. Reversed, and new trial awarded.

Chester H. Krum, of St. Louis, Mo., for plaintiffs in error.

Benjamin L. White, Asst. U. S. Atty., of St. Louis, Mo. (Arthur L. Oliver, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before CARLAND, Circuit Judge, and RINER and MUNGER, District Judges.

MUNGER, District Judge. Plaintiffs in error were convicted under an indictment which charged that on March 28, 1914, they did "engage in the business of manufacturers of opium for smoking purposes, without having given the bond required by law of manufacturers of opium for smoking purposes." The act of Congress of January 17, 1914 (38 Stat. 277, 6 U. S. Comp. Stat. 1916, §§ 6287a–6287f), provided for a punishment for violation of certain sections of the act. In those sections are found the following provisions:

"An internal revenue tax of $300 per pound shall be levied and collected upon all opium manufactured in the United States for smoking purposes; and no person shall engage in such manufacture who is not a citizen of the United States and who has not given the bond required by the Commissioner of Internal Revenue. Every person who prepares opium suitable for smoking purposes from crude gum opium, or from any preparation thereof, or from the residue of smoked or partially smoked opium, commonly known as yen shee, or from any mixture of the above, or any of them, shall be regarded as a manufacturer of smoking opium within the meaning of this act." Section 6287a.

"The bond required of such manufacturer shall be with sureties satisfactory to the collector of internal revenue, and in a penal sum of not less than $100,000; and the sum of said bond may be increased from time to time and additional sureties required, at the discretion of the collector or under instructions of the Commissioner of Internal Revenue." Section 6287b.

In the trial of the case the fact appeared that each of the defendants was not a citizen of the United States, but was a Chinese person, and at the close of the evidence defendants requested an instruction that the jury be directed to find the defendants not guilty as charged. This instruction should have been given. The defendants were not charged with manufacturing opium while aliens, but were charged with a failure to give the bond required by law of manufacturers of opium for smoking purposes, and, while so failing, engaging in the business of manufacturing opium for smoking purposes. There was no proof that defendants had failed to give the bond required by the Commissioner of Internal Revenue, and he could not have required a bond of the defendants, as the statute restricted the right of manufacture to citizens of the United States. There was a failure to prove an essential element of the indictment. Chin Sing v. United States, 227 Fed. 397, 142 C. C. A. 93.

The judgment of the District Court is therefore reversed, and a new trial awarded.