## CARTER v. JOHNSTON.

No. 10794.

Circuit Court of Appeals, Ninth Circuit.

Dec. 6, 1944.

James A. Carter, in pro. per.

Frank J. Hennessy, U. S. Atty., R. B. McMillan and Joseph Karesh, Asst. U.S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order dismissing appellant's petition to the district court for the issuance of a writ of habeas corpus.

The petition alleged that petitioner and another person had been indicted by the grand jury at the United States District Court for the Western District of Oklahoma for robbery from First National Bank of Okeene, Oklahoma, of $1,165.25 belonging to that bank, in violation of 12 U.S.C.A. § 588b. In aggravation and in violation of § 588c the indictment charged that "said defendants did, in the commission of said offense of feloniously stealing and carrying away of the moneys in the robbery of said First National Bank of Okeene, Oklahoma, and in avoiding apprehension for such offense, force certain persons then employees of said bank, to-wit, C. C. Wisdom, Vice President and Cashier, and Hanna B. Wisdom, bookkeeper, through the display and use of firearms to accompany them, the said defendants, from the house of said banking institution to a point about one and one-half miles east of Okeene, Oklahoma, the actual place being to the Grand Jurors unknown, without the consent and against the will of the said employees."

The petition further alleged that appellant was tried by jury, was found guilty, with a recommendation of the jury that appellant be not sentenced to death. The recommendation was pursuant to 12 U.S.C.A. § 588c, later considered, providing that the punishment may be "by death if the verdict of the jury shall so direct." The district court sentenced appellant to the federal penitentiary for a term of 27 years, of which sentence appellant has served a period which, with good behavior credit earned, exceeds 10 years.

The petition admitted that appellant was guilty of the offense, but claimed that under the federal statute under which he was convicted his sentence is valid for a period of ten years only and hence that he should be discharged from the custody of appellee.

The district court below issued an order to show cause why a writ of habeas corpus should not be granted. Appellee appeared and filed his motion to dismiss the petition on the ground that it failed to recite facts sufficient to entitle appellant to the writ, accompanying the motion with a memorandum of points and authorities. Appellant filed what he entitled a traverse to the motion to dismiss, with accompanying memorandum of points and authorities. The cause came on for hearing and the district court granted the motion to dismiss and ordered discharged the order to show cause. This appeal followed.

The statutory provisions covering the offense on which the appellant was convicted are Sections 588b and 588c of Title 12 U.S. C.A. Section 588c, in force and effect at the time of the commission of the offense by appellant, reads as follows: "Whoever, in committing any offense defined in section 588b of this title, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be punished by imprisonment for not less than 10 years, or by death if the verdict of the jury shall so direct."

Appellant claims that the words "shall be punished by imprisonment for not less than 10 years, or by death if the verdict of the jury shall so direct," in the absence of a direction for the death penalty, must be construed to mean a sentence of ten years' imprisonment and no more.

We do not agree. To us the congressional intent is clear. The Act plainly means that the aggravation of the bank robbery by the use of such violence against persons to avoid apprehension subjects the offender to a sentence of ten years at least and above that to any term of years fixed by the court and, if so directed by the jury, to the death penalty. No case has been cited in which these penalty provisions of the Act have been considered. In Bailey v. United States, 10 Cir., 74 F.2d 451, 452, the court held valid a statute giving even greater discretion to the trial court in the

imposition of a sentence. There a sentence of life imprisonment was held to be proper under a statute which prescribes as punishment for the offense "imprisonment in the penitentiary for such term of years as the court in its discretion shall determine." 18 U.S.C.A. § 408a.

Supporting appellee's position is Hankins v. People, 106 Ill. 628. There was involved the validity of a fine of $250 for a first conviction under a statute providing a fine of not less than $100 for a first conviction of the crime of keeping a gaming house, and a fine of not less than $500 for subsequent convictions. The court, though intimating that the minimum fine for a second conviction might furnish an appropriate maximum for the fine provided for a first conviction, upheld the $250 fine and said, "As a general rule, the exclusion of one subject or thing is the inclusion of all other things. When the legislature, in this case, excluded the power of the court to impose a fine of less than $100, it, by implication, authorized the exercise of power to impose a fine for more than that sum. It fixed the minimum, but fixed no maximum."

Similar reasoning may be applied to the present case. Cf. People ex rel. Mummiani v. Lawes, 258 App.Div. 643, 17 N.Y. S.2d 748.

Appellant cites Stimpson v. Pond, Fed. Cas. No. 13,455, 2 Curt. 502. That case involved a statutory penalty of "not less than one hundred dollars" Act Aug. 29, 1842, § 5, 5 Stat. 544, for the penalty of marking "patent" on an unpatented article for the purpose of deceiving the public. The court held that the statute authorized no penalty greater than $100 because it would be practically impossible to determine on what basis a larger penalty would rest, since the action is not based on the amount of injury to any individual person, and furthermore "The act does not indicate that there are to be degrees of the offence, and it is not perceived that it admits of great aggravation." Clearly, the offense involved in the present case does admit of very great aggravation and it is to be expected, therefore, that the legislature would intend to provide judicial discretion for the due gradation of sanctions.

Also cited in support of appellant's contention is Lee Mow Lin v. United States, 8 Cir., 250 F. 694. In that case the statute provided no such maximum and minimum penalty. There it was decided that a criminal statute fixing the penalty for its violation at imprisonment at "not less than five years" 26 U.S.C.A. Int.Rev.Code, § 2570, was valid to support a sentence of five years. As to whether it was valid for a longer period, the court stated, at page 695 of 250 F., that appellants "may not raise the question of the validity of a sentence exceeding the minimum penalty fixed by the statute." Similarly limited is State v. Fackler, 91 Wis. 418, 64 N.W. 1029, also cited by appellant, where no maximum penalty was provided.

The order appealed from is affirmed.