# CHARLESTOWN.

## SUPERVISORS OF DODDRIDGE *v.* WILLIAM STOUT.

### November 2, 1876.

1. It is a general rule, that he who seeks to exercise the extraordinary power of taking private property for public utility, must follow strictly the mode of procedure prescribed by law.

2. The defendant being present at the time the commissioners were appointed, and participating in the procedure of appointment, it was as much his duty as the court's, to see that all the commissioners were freeholders. And if he was cognizant, at the time the appointment was made, that one of the commissioners was not a freeholder, it was his duty then to have objected, and by not doing so it was a waiver on his part.

3. Where the defendant does not show, in any way, that he did not know at the time of the appointment, that the commissioner was not a freeholder, the court should not refuse, on that ground, to confirm the report made by the other four commissioners, who were freeholders.

4. In the absence of evidence clearly showing that the damages are insufficient, the inquest taken on the ground is conclusive.

5. While legislation is necessary to give effect to a constitutional provision, laws that were in existence at the time the new Constitution was adopted, remain the law until legislation is had to enforce the provisions of the new Constitution.

6. This case was controlled by the forty-second chapter of the Code, there having been no legislation to put article three, section nine, of the Constitution into force.

7. The statute does not require a separate report for each tract of land belonging to the same owner, but a separate report as to the owners of distinct tracts of land who are proceeded against jointly for condemnation of their lands respectively.

1876.
August Term.

| 9 | 703 |
| 36 | 276 |
| 9 | 703 |
| 56 | 306 |

1876.
August Term.

Supervisors of
Doddridge Co.
v.
Stout.

8. In this case, although there was but one report, each tract of the defendant's land was separately assessed, which is all that is required in any case.

*Supersedeas* to a judgment of the circuit court of Doddridge county, rendered on the sixteenth of May, 1863, in a proceeding under chapter forty-two of the code, to condemn land for a public road, in which the supervisors of Doddridge county were plaintiffs, and William Stone was defendant.

The facts appear in the opinion of the Court.

Hon. C. J. Stuart, Judge of said circuit court, presided at the trial below.

*Scott* and *Cole* for said Stone, defendant.

*Winfield Scott* for appellees.

MOORE, JUDGE:

This case is before us from a judgment of the circuit court of Doddridge county, rendered the sixteenth day of May, 1873, in a proceeding under chapter forty-two of the code, to condemn land for a public road.

It is assigned as error, that Parks, one of the commissioners, was not a freeholder. The statute requires the commissioners to be freeholders. The often adjudicated principle in such cases is, that he who seeks to exercise the extraordinary power of taking private property for public utility, must follow strictly the mode of procedure prescribed by law.

The record in this case shows that the court, pursuant to the eleventh section of chapter forty-two of the code, "nominated thirteen disinterested freeholders of (the) county, and the plaintiff struck off the names of four of them, and the defendant four of them, and the remaining five, to wit, Jephtha F. Randolph, Amaziah Bee, Wm. H. H. Douglass, Abel B. Parks, and Elhanan W. Davis,' were appointed by the court as commissioners," &c.

The circuit court ascertained that all were freeholders. But suppose Parks was not a freeholder. It was as much the duty of the defendant, as of the court, to see to it,

that all the commissioners were freeholders. And if he

was cognizant of the fact, at the time the appointment was made, that Parks was not a freeholder, it was his duty to have then made the objection to his appointment, and by not doing so it was a waiver on his part.

In this case there is nothing in the record to show that the defendant has suffered prejudice or wrong from the fact of Parks not being a freeholder. Nor does the defendant pretend to show, in any way, that he did not know, at the time the appointment was made, that Parks was not a freeholder. To permit a party, in such a case, to thus take advantage of his own negligence, would be trifling with the court,. and should not be allowed. I am of opinion the court did right in overruling that objection to the confirmation of the report made by the other four commissioners, who were freeholders.

It is objected, that the compensation allowed the defendant is grossly inadequate. There is nothing in the record showing that to be so. Therefore, upon the principle in *Muire v. Falconer*, 10 Gratt. 13, "in the absence of evidence clearly showing that the damages are insufficient, the inquest taken on the ground is conclusive."

It is urged that the defendant was entitled to a jury as now provided by law, under the New Constitution.

It is true, that the New Constitution went into effect while this cause was pending, but when it was tried, and the report was confirmed, the only statute that controlled the cause was chapter forty-two of the code, and, therefore, article 3, section 9, New Constitution, could not have any effect upon it, because, where legislation is necessary to give effect to a constitutional provision, laws in existence when a new constitution is adopted, remain the law until legislation is had to enforce the provisions o the constitution which conflict with the old law. *Chahoon's case*, 20 Gratt. 733.

As to the petition, or application, the land is suffi-
89

ciently described therein, and is a substantial compliance with the statute.

It is further urged, that the commissioners should have made a separate report, respectively, for the two tracts of land of the said Stout.

The sixteenth section of chapter forty-two declares: " When the proceeding is instituted jointly against the owners of different tracts, a separate report shall nevertheless be made as to each tract," &c.

The statute does not require a separate report for each tract of land belonging to the same owner, but a separate report as to owners of land who are proceeded against jointly for condemnation of their lands respectively. In this case there was but one report, but each tract of the defendant's land was separately assessed, which is all that is required in any case.

The judgment should be affirmed, with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.