# CHARLESTON.

METTA ·V. THORNE v. CITY OF CLARKSBURG.·

Submitted March 15, 1921.   Decided March 22, 1921.

1. CONSTITUTIONAL LAW—*Provision for Assessment of Damages to Private Property Taken Held Self-Executing.*
    The last clause of section 9 of article III of the Constitution of this State relating to the taking or damaging of private property for public use, providing that when required by either of the parties the compensation therefor shall be ascertained by an impartial jury of twelve freeholders, properly construed, is so far self-executing as to entitlé them in a suit at common law for compensation for property not taken but damaged, to have the damages assessed by such impartial jury of twelve freeholders.   (p. 254).

2. SAME—*"Provision Self-Executing," if Right or Duty Given Enforceable Without Legislative Enactment.* ·
    The principal test for determining whether a constitutional

provision is self-executing is that the right it gives or the duty it imposes may be enforced without the aid of legislative enactment.  (p. 255).

3.   EMINENT DOMAIN—*Where Assessment by Jury of Freeholders Denied, Presumption is That Plaintiff Was Deprived of Constitutional Right.*

Where in a suit for compensation for private property taken or damaged for public use either of the parties thereto has plainly demanded and been denied the right to an impartial jury of twelve freeholders, it will be presumed that the jury was not so composed and that the party so demanding was deprived of a constitutional right.  (p. 257).

Error to Circuit Court, Harrison County.

Action by Metta V. Thorne against the City of Clarksburg. Judgment for plaintiff for insufficient relief was set aside on plaintiff's motion, a new trial was awarded, and defendant brings error.

*Affirmed.*

*Homer Strosnider* and *F. O. Sutton,* for plaintiff in error. *Smith & Jackson,* for defendant in error.

MILLER, JUDGE:

On the trial of an action on the case for damages alleged to have been sustained by plaintiff from the lowering of the grade of the street in front of her property in the City of Clarksburg, the verdict of the jury was in favor of plaintiff for $355.41, which verdict was on motion of plaintiff set aside, and a new trial awarded. From that judgment defendant obtained the present writ of error.

The principal ground relied on to sustain the judgment is that plaintiff was entitled to have the compensation for the damages sustained by her ascertained by an impartial jury of twelve freeholders, as provided by section 9 of article III of the Constitution of this State; and this was the ground upon which the record shows the circuit court was persuaded to award a new trial.

The provision of the Constitution relied on is as follows: "Private property shall not be taken or damaged for public use, without just compensation; nor shall the same be taken

by any company, incorporated for the purposes of internal improvement, until just compensation shall have been paid, or secured to be paid, to the owner; and when private property shall be taken, or damaged, for public use, or for the use of such corporation, the compensation to the owner shall be ascertained in such manner, as may be prescribed by general law; Provided, that when required by either of the parties, such compensation shall be ascertained by an impartial jury of twelve freeholders.''

Plaintiff's bills of exceptions numbers 1 and 2 show: First, that after the case had been called for trial and before the jury was impaneled, the plaintiff demanded a jury of twelve freeholders to try the case, which demand the court refused, and declined to permit none but freeholders to qualify as jurors to try the case, to which action of the court the plaintiff excepted; Second, that when the case had been so called for trial and while the jury was being impaneled to try the case and after the court had concluded propounding interrogatories to the jury for the purpose of qualifying them, and after a jury of twenty had been sworn to answer questions, the court turned to counsel and asked if they desired to have the jury asked any further questions, and that thereupon the plaintiff by counsel requested that the jury be asked whether they were freeholders and that each juror be asked whether he was a freeholder, there then being twenty in the box and being interrogated and qualified as aforesaid, which request of the plaintiff by counsel the court refused, and declined and did not ask the said jurors or any of them whether he was a freeholder, to which action of the court she again objected and excepted.

In support of the original rulings of the court denying the plaintiff the right to a jury of twelve freeholders counsel for the city rely mainly on two propositions, namely: First, that the last clause of section 9 of article III of the Constitution is not self-executing, but addressed to the Legislature, and that the Legislature not having enacted any general law to carry said provision into effect, as it had by chapter 42 of the Code, where land is to be taken or damaged for public use by

condemnation, plaintiff was not entitled to a jury of freeholders; Second, that as the plaintiff had had a trial before a common-law jury, she had been denied no right, wherefore there was no error in the original rulings of the court denying her a jury of freeholders.

It is contended that the constitutional right to a jury of freeholders when private property is to be taken or damaged for public use by condemnation was made effectual by the provisions of chapter 42 of the Code, but the proposition contended for is that when the property is to be damaged but no part of it taken, the only remedy given for the wrong is an action on the case at common law with the intervention only of a common-law jury, such as was had in this case. In the one case it is said the Legislature has provided the manner in which the compensation to the owner shall be ascertained, that is, upon petition by the condemnor, after effort to agree with the owner, the appointment of commissioners of freeholders by the court as provided, to ascertain what will be a just compensation, and upon demand by either party after report by the commissioners, by the impaneling of a jury of freeholders in such manner as the court shall direct, as provided by section 17 of said chapter 42; but that in the other case no method of determining the compensation having been provided by law, the common-law remedy alone must be relied on and pursued. In *Supervisors of Doddridge County* v. *Stout*, 9 W. Va. 703, a case which arose and was determined according to the law in force prior to the Constitution of 1872, it was decided that the case was properly determined as provided by the provisions of chapter 42 of the Code, the only method then prescribed for ascertaining the compensation to the owner of the land to be taken, and that the new provision of the Constitution of 1872 giving the right to a trial by a jury of freeholders, not being self-executing and not carried into effect by appropriate legislation, could have no application. In *Johnson* v. *City of Parkersburg*, 16 W. Va. 402, the proposition relied on was that the first clause of said section 9, article III, prohibiting the damage as well as the taking of private property for public use without compensa-

tion, was self-executing; and it was decided, contrary to the contention of counsel for defendant, that it was; but it was decided that the second clause thereof, saying "when private property shall be taken, or damaged, for public use, or for the use of such corporation, the compensation to the owner shall be ascertained in such manner, as may be prescribed by general law; Provided, that when required by either of the parties, such compensation shall be ascertained by an impartial jury of twelve freeholders," was not self-executing, but required legislation to carry it out.   The distinction made between these two clauses was that the first clause gave and protected the right of the owner to compensation, but that the second was addressed to the Legislature, and it having made no provision where the property is damaged only, the common law alone can be resorted to to redress the plaintiff's wrong.   But that case does not hold that when the right is being redressed by a common-law action for damages to property taken, the provision for a trial by a jury of twelve freeholders may not be invoked, and that so much of this provision of the Constitution is not self-executing.   No legislation providing for additional machinery for carrying this provision into effect is necessary; the provision simply adds an, additional qualification to the jurors; and we think so much of that section as pertains to the qualification of the jurors ought to be construed as self-executing.   Jurors so qualified could be drawn from the regular panel summoned for the term at which, the trial is to be had, or from other jurors summoned pursuant to law.

One of the well recognized tests for determining whether a constitutional provision is self-executing, is that the right or duty which it imposes may be enforced without the aid of legislative enactment. 6 R. C. L. §55, p. 59, citing *Davis* v. *Burke,* 179 U. S. 399, and numerous other cases.   In the latter case the Supreme Court quotes from Cooley's Constitutional Limitations, the following: "A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-execut-

ing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law. Thus, a constitution may very clearly require county and town government; but if it fails to indicate its range, and to provide proper machinery, it is not in this particular self-executing, and legislation is essential;'' followed in *Tampa Water Works Co.* v. *Tampa,* 199 U. S. 241. And for a clear statement of this general rule, see 12 C. J. 729. In *Erdman* v. *Mitchell,* 207 Pa. St. 79, cited in 6 R. C. L. § 55, p. 59, it is said to be a generally recognized rule that legislation is unnecessary to enable the courts to give effect to constitutional provisions guaranteeing the fundamental rights to life, liberty and the protection of property. This was the rule or principle applied in *Mason* v. *Harper's Ferry Bridge Co.,* 17 W. Va. 396, where, because there was no physical taking of the property but the damages about to be inflicted amounted to a practical taking thereof, and the statute providing no way whereby the damages could be determined or secured before the taking, it was held that equity would intervene to protect the owner and to direct an issue of quantum damnificatus to be tried by a jury of twelve freeholders, as provided by the Constitution and statute. And the same practice was recognized and approved in *Ward* v. *Ohio River R. R. Co.,* 35 W. Va. 481, 489-490. The fact that the Legislature has omitted for so many years to make special provision for ascertaining compensation to the owner for property damaged but not taken by condemnation argues strongly that no legislation was regarded necessary to protect one in his constitutional right to a jury of freeholders; otherwise the legislative branch of the government would be convicted of a purpose to withhold this constitutional right. And if legislation had been attempted, the proviso of section 9 of article III would constitute a complete limitation upon the power of the Legislature to enact any law which did not protect the owner in his right to a jury of freeholders when demanded. Applying this test, if this provision of the Constitution can be given reasonable effect without legislation, it ought to be regarded as self-executing. Such is the rule of

construction everywhere, as established by the more recent decisions. Formerly, when, as in the case of the federal Constitution and of those of some of the states, they amounted practically to mere outlines of government, addressed to the legislatures and to control legislation, the provisions were manifestly not self-executing, but required legislative action to carry them into effect. *Winchester* v. *Howard,* 136 Cal. 432. The provision now under consideration amounts to more than a mere address to the law-making power; it secures a very substantial right and imposes a duty, not only upon the Legislature, but upon the courts, that the compensation for property taken or damaged, when demanded, shall be ascertained by a jury of freeholders. For the foregoing reasons we are of opinion that the circuit court committed no error in setting aside the verdict and awarding the plaintiff a new trial. By denying her a jury of twelve freeholders, twice demanded, she was denied a very substantial right, guaranteed her by the Constitution, self-executing in its nature and requiring no legislation to give it effect.

It is said by counsel for defendant that there is nothing in the record showing that the jury which tried the case were not qualified freeholders, and that the presumption is that they were freeholders. In *Supervisors of Doddridge County* v. *Stout, supra,* it is said that it was as much the duty of the defendants as of the court to see that all the commissioners were freeholders. In this case the demand of the plaintiff was twice rejected by the court. The court refused to require a jury of freeholders, presumptively, therefore, they were not all freeholders. If no demand or objection had been made, the rule of *Ohio River R. R. Co.* v. *Blake,* 38 W. Va. 718, syl. 3, would apply. It is said that when counsel were inquired of, before the jury were sworn, whether they desired to make any further inquiry, they should have availed themselves of the opportunity offered to inquire whether the jury were freeholders, and not having done so, they must be regarded as having waived the right. But two requests having previously been made, it is to be presumed the court would have receded from its former rulings? Besides, as the court below set aside the verdict on the ground that it had erred in denying plaintiff

her constitutional right, the presumption is rather that the court was advised that the jury was not lawfully constituted, after demand for a jury of freeholders.

Counsel for plaintiff, during the trial, appealed to the court to change or modify the rule promulgated in prior decisions here and elsewhere for measuring the compensation to the owner when property is taken or damaged for public use. The suggestion was that in determining the damages, the evidence should be limited to the value of the property immediately before the damage is done and immediately after, but before completion of the proposed improvement, by the laying of crossties and rails in the case of a railroad, and in the case of improvement of streets and alleys of a municipality before the concrete base and brick or other surface of street paving is laid; this for the purpose of avoiding the difficulty of distinguishing between general and special benefits in ascertaining damages recoverable in such cases. The rule most recently stated is that, ''The true measure of damages to property abutting on a public street, occasioned by a change in the grade thereof, is the difference between the value of the property immediately before, and its value immediately after, the street improvement; special or peculiar, but not general, benefits to the property being considered and included in the latter value.'' *Jones* v. *City of Clarksburg,* 84 W. Va. 257, 99 S. E. 484. For the reasons there given, which need not to be repeated here, we adhere to that rule and see no reason for accepting the suggestion of a change.

We, therefore, affirm the judgment.

*Affirmed.*